## BARRETT *v.* THE STATE OF INDIANA.

[No. 21,725.    Filed January 13, 1911.]

1. CRIMINAL LAW.—*Appeal.*—*Law of the Case.*—The decision of a case on appeal constitutes the law of the case on a subsequent appeal, though the affidavit on which the prosecution was based was immaterially amended at the second hearing of the case. pp. 114, 116.

Barrett *v.* State—175 Ind. 112.

2.  CRIMINAL LAW.—*Special Answers.—Appeal.—Law of the Case.*
    —A decision, on appeal, that certain answers in a criminal pros-
    ecution were bad, is controlling upon a subsequent appeal, though
    such answers had been immaterially amended.    p. 115.

3.  CRIMINAL LAW.—*Special Answers.—Facts Provable under Plea
    of Not Guilty.*—Sustaining a demurrer to special answers in a
    criminal case is not harmful, where the facts alleged were ad-
    missible under the general plea of not guilty.   p. 115.

4.  CRIMINAL LAW.—*Plea of Not Guilty.—Statutes.*—In a criminal
    prosecution, if the defendant refuses to plead, the court will
    enter a plea of not guilty for him (§2072 Burns 1908, Acts
    1905 p. 584, §201).   p. 115.

5.  CONSTITUTIONAL LAW.—*5th Amendment.—Restriction on Federal
    Power.*—The 5th amendment to the Constitution of the United
    States restricts federal power only, and has no application to
    state legislation.   p. 116.

6.  MINES.—*Coal.—Wide-Entry Statute.—Due Process.*—The wide-
    entry coal law (§§8582, 8583 Burns 1908, Acts 1907 p. 334),
    requiring coal operators to construct their entries a certain
    width, but exempting block coal operators from the provisions
    thereof, is a valid exercise of the police power of the State, and
    does not violate the 14th amendment to the federal Constitution,
    forbidding class legislation and guaranteeing due process of law.
    p. 116.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Prosecution by the State of Indiana against Charles E.
Barrett.   From a judgment of conviction, defendant appeals.
*Affirmed.*

*Barrett & Barrett,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M.
White* and *W. H. Thompson,* for the State.

Cox, J.—This prosecution of appellant, as agent of the
Vandalia Coal Company, for an alleged violation of the act
approved March 9, 1907 (Acts 1907 p. 334, §§8582, 8583
Burns 1908), commonly called by coal miners and operators
the "wide-entry law," has been in this court before (*State* v.
*Barrett* [1909], 172 Ind. 169).   On that appeal, after a full
consideration of the case then presented, this court reached
the conclusion that the act in question was constitutional,

that the affidavit charging defendant, appellant herein, with a violation of it, was good, and that said defendant's special answer was not good. The case was reversed, with a mandate to the trial court to sustain the State's demurrer to such special answer, and this the trial court did. There being then no plea, the State, by leave of court, amended the affidavit and refiled it. Appellant unsuccessfully assailed the amended affidavit, first by a motion to quash and then by a demurrer. He then filed a special answer in two paragraphs, to which demurrers were sustained, after which he entered a plea of not guilty. The cause was submitted to the court for trial, and appellant was adjudged guilty and fined.

Appellant treats this case as a new one, merely similar to the case of *State* v. *Barrett, supra,* and argues that, " in view of the amending of the affidavit by the State, a new action or prosecution was commenced, and therefore the decision in the former case cannot be said to be *res judicata.*" This contention cannot prevail, for the amendment was authorized by the criminal code (§2043 Burns 1908, Acts 1905 p. 584, §172). Furthermore, an examination of the two affidavits shows that the amendment was wholly immaterial, and left the material facts substantially, if not identically, the same as those alleged in the affidavit held good by this court. *State* v. *Simpson* (1906), 166 Ind. 211. This is, therefore, a second appeal of this case, and it must be considered in the light of the questions of law presented by the record and decided upon the former appeal, for such questions are the law of the case and binding upon all the courts and the parties through all the stages of the cause following, whether the questions arise in the same manner or not. *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146, 147; *Lillie* v. *Trentman* (1890), 130 Ind. 16, 17; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311, 313; *Brunson* v. *Henry* (1898), 152 Ind. 310; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467.

The only errors that are well assigned by appellant are the following:  The action of the trial court (1) in overruling appellant's motion to quash the amended affidavit, and (2) in sustaining the State's demurrer to the two paragraphs of appellant's special answer.

The trial court did not commit error in sustaining the demurrer to appellant's special answer.  The facts alleged in both paragraphs were not materially different from the facts set out in the special answer of appellant that this court held bad on the former appeal for not alleging facts to bring him within the exemption of the proviso of the act; that is, for not alleging facts showing that the mine was in the block coal field, or devoted in whole or in part to mining block coal.

And under the well-settled law announced in the cases before cited, the trial court was as firmly required by the mandate of this court to hold these answers bad as the identical answer involved in the former appeal, for this court's conclusion, that the special answer therein considered is bad, is the law of the case on that question, to be adhered to throughout all subsequent stages of the case.

Moreover, it is true that all the facts alleged in the two paragraphs of special answer in this case could have been proved under the general issue.  Such facts were intended to meet the charge contained in the affidavit that appellant had violated the act in question, and to give in detail the circumstances constituting his defense. They were mere argumentative denials of the charge.  The general issue could not have been evaded, since if the appellant had not tendered it the statute (§2072 Burns 1908, Acts 1905 p. 584, §201) would have required it. In any view of the matter, it is questionable whether they were properly pleaded specially.  Appellant could not, therefore, have been harmed by the action of the trial court in sustaining the State's demurrer.  *Neaderhouser* v. *State* (1867), 28 Ind. 257; *Williams* v. *State* (1907), 169 Ind. 384.

Without setting out the amended affidavit in this opinion, it may be said again that it is substantially the same as the one set out in the former opinion of this court, and there held good and based on a valid law. That holding must, for the reasons heretofore given, be adhered to and applied to the amended affidavit, unless some constitutional objection to the act in question of sufficient potency to overthrow it is now urged that was not presented and decided on the former appeal. The one objection that is presented by appellant as such and that was not presented and decided then, is that said act "is in violation of the 5th amendment to the Constitution of the United States, in this, that it deprives one class of citizens of property without due process of law." This objection is not well grounded, for this amendment operates exclusively in restriction of federal power, is a limitation on congress, and has no application to the states. *Barron* v. *Mayor, etc.* (1833), 7 Pet. \*243, 8 L. Ed. 672; *Thorington* v. *Montgomery* (1893), 147 U. S. 490, 13 Sup. Ct. 394, 37 L. Ed. 252; *Capital City Dairy Co.* v. *Ohio* (1892), 183 U. S. 238, 22 Sup. Ct. 120, 46 L. Ed. 171.

However, as this same provision against the taking of property without due process of law is found in the 14th amendment to the United States Constitution, which does relate to the states, it may not be out of place to inquire whether this point of appellant presents any objection to the act sufficient to overcome the presumption in favor of its validity with which it is clothed at the outset. Appellant's objection to the act on this ground is general; so general, that as there is nothing on the face of the act to suggest any arbitrary purpose or requirement, or any unfairness, in the regulation of mines provided for therein, it is difficult indeed to see wherein the act is not clearly within the legitimate scope of the police power. The police power of the State is broad and plenary in its effect, embracing its whole system of internal regulation. It embraces all regula-

tions designed to promote the public health, morals or safety. Its scope and those things it operates on specifically increase with the development of the resources of the State. The passing of our forests and the increase of our industries make the development of our coal deposits necessary and desirable. The protection of those who work in mines necessitates the proper regulation of the operation of such mines, and such regulation is too clearly within the police power to be questioned. Appellant in this case complains that the act discriminates between block and bituminous mines, to the benefit of the former and the injury of the latter; but there is nothing presented by the record to show that the discretion which the legislature has in the power to regulate was arbitrarily exercised. In fact, the reason for the discrimination seems to be made clear and proper in the opinion of the court on the former appeal of this case. Legislation which regulates business may well make distinctions depend upon the degrees of evil, without being arbitrary or unreasonable, or in conflict with the equal protection provisions of the 14th amendment to the federal Constitution. *Heath & Milligan Mfg. Co.* v. *Worst* (1907), 207 U. S. 338, 28 Sup. Ct. 114, 52 L. Ed. 236.

In the case just cited it was held that the Supreme Court of the United States would not limit the power of the state, by declaring that because the judgment exercised by the legislature is unwise, it amounts to a denial of the equal protection of the laws, or the deprivation of property or liberty without due process of law. In the case at bar, there is nothing unwise apparent on the face of the law, nor does the record disclose it; but a care for workers in a dangerous employment is apparent. Appellant has not been deprived of his property, but has had impressed upon it a regulation which the legislature, in its discretion, has deemed wise.

The further suggestion of appellant, that the act violates article 1, §23, of our state Constitution, and the 14th amend-

ment to the federal Constitution, in that " it grants special privileges to another class of citizens engaged in mining coal in what is known as the block coal district, and denies these privileges to all other persons," we think has been sufficiently met by what was said in the former opinion in this case. *State* v. *Barrett* (1909), 172 Ind. 169.  See, also, *Chandler Coal Co.* v. *Sams* (1908), 170 Ind. 623, which is decisive of this question.

There is no error in the record, and the judgment is affirmed.