MAY TERM, 1913.    243

Cincinnati, etc., R. Co. v. Railroad Com., etc.—180 Ind. 243.

## CINCINNATI, RICHMOND AND FORT WAYNE RAILWAY COMPANY v. RAILROAD COMMISSION OF INDIANA ET AL.

[No. 21,811.    Filed October 15, 1913.]

1. CONSTITUTIONAL LAW.—*Due Process of Law.—Equal Protection of Laws.—Regulation of Railroads.—Interlocking Plant.—Statutes.*—The act approved February 28, 1905 (Acts 1905 p. 83, §5531 Burns 1908), authorizing the Railroad Commission to compel the installation of interlocking plants at places where the tracks of different railroads cross is not unconstitutional as depriving a railroad company of its property without due process of law, or as denying to it the equal protection of the laws. p. 244.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by the Cincinnati, Richmond and Fort Wayne Railway Company against the Railroad Commission of Indiana and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*G. E. Ross* and *J. H. Campbell,* for appellant.

*W. O. Johnson, W. H. H. Miller, C. C. Shirley, W. H. Thompson* and *S. D. Miller,* for appellees.

ERWIN, J.—This was an action on the part of the appellant, against the Railroad Commission, the Chicago and Erie Railroad Company, and the Toledo, St. Louis and Western Railroad Company, to set aside an order of the Railroad Commission ordering an interlocking plant at the crossing of appellant's railroad tracks and the railroad tracks of the Chicago and Erie Railroad Company and the Toledo, St. Louis and Western Railroad Company, and apportioning the cost of said construction and the expense of the operation and maintenance thereof among said companies.

To the complaint filed by the appellant, the appellees each filed separate demurrers for want of facts, which the court sustained and rendered judgment that the plaintiff

take nothing by its complaint and that the defendants recover their costs. The rulings of the court on the demurrers to appellant's complaint present the only issues of law or fact presented.

The question that arises on the record in this case is, that the act of the General Assembly of the State of Indiana, approved February 28, 1905 (Acts 1905 p. 83, §5531 Burns 1908), is in violation of the Constitution of the United States, in this, that it deprives the appellant of its property without due process of law, and also denies to it the equal protection of the laws, in this, that it does not apply to all citizens under the same or similar circumstances, neither does it apply to all railroad crossings, but leaves it to the Railroad Commission to determine to what crossings it shall apply. The question presented by this appeal has already been determined by this court adversely to the contention of appellant in the following cases: *State, ex rel.* v. *Roby* (1895), 142 Ind. 168, 184, 33 L. R. A. 213, 51 Am. St. 174, and cases cited; *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7, and cases cited; *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543; *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1; *Booth* v. *State* (1913), 179 Ind. 405, 100 N. E. 563.

It would be a useless waste of time and unnecessarily encumber the record of this court with a reiteration of the doctrines declared in the above cases, and on the authority of those cases, the judgment in this cause is affirmed.

NOTE.—Reported in 102 N. E. 852. See, also, 8 Cyc. 1069, 1116.