### DINSMORE *v.* KREIGHBAUM.

[No. 12,481.    Filed April 22, 1926.    Rehearing denied July 3, 1926.]

APPEAL.—Appellate tribunal may, in its discretion, treat the failure of the appellee to file a brief in support of the action and rulings of the trial court as a confession of error, and reverse the judgment on a *prima facie* showing of reversible error.

From Fulton Circuit Court; *Reuben R. Carr,* Judge.

Action by Esther Dinsmore against Jacob W. Kreighbaum. From a judgment for defendant, the plaintiff appeals.    *Reversed.*    By the court in banc.

*Harley A. Logan,* for appellant.

NICHOLS, C. J.—Action for seduction by appellant against appellee.    There was a trial by jury and a verdict against appellant, on which judgment was rendered, from which this appeal.    The error assigned is the action of the court in overruling appellant's motion for a new trial, under which appellant presents that there was error in giving instruction No. 9 tendered by appellee.    This instruction calls special attention to appellant as a witness, and to parts of her evidence in such a way as that she may have been discredited and prejudiced thereby.    Appellant has fully briefed the question

and makes, in the opinion of this court, a *prima facie* showing that reversible error was committed. Appellee has failed to file any brief and the court, in its discretion, will treat such failure to file a brief, thereby attempting to aid the court in learning whether or not reversible error in fact was committed, as a confession of error. *Pittsburgh, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Goldberg* v. *Hauer* (1924), 81 Ind. App. 23, 142 N. E. 125.

Judgment reversed.