KREIGHBAUM *v.* DINSMORE.

[No. 13,357. Filed March 9, 1929.]

694

*Eli F. Seebirt, Lenn J. Oare* and *George W. Omacht,* for appellant.

*Arthur Metzler,* for appellee.

Lockyear, J.—This is a cause in which Esther Dinsmore, appellee, sues Jacob W. Kreighbaum, appellant, for damages for seduction and assault and battery. This is the second time this case has been before this

court. See *Dinsmore* v. *Kreighbaum* (1926), 85 Ind. App. 168, 151 N. E. 436.

The complaint consists of a single paragraph. To this complaint, the appellant filed an answer in general denial.

The cause was submitted to a jury for trial and the jury rendered a verdict for the appellee in the sum of $600. Motion for a new trial filed by the appellant was overruled and the only error assigned is that the court overruled appellant's motion for a new trial.

The salient facts of this case are: Appellant, Jacob Kreighbaum, was a bachelor of the age of forty-three years, and lived with his mother and farmed lands owned by her and himself in Green township, Marshall county, Indiana, and, at said time, this appellee was about nine years of age, had no home and was taken by said Jacob Kreighbaum and his mother into their home as a bound girl and as a servant, to do such work as a child of that age could do, with an agreement and understanding that she was not to have any wages, but that the said Jacob Kreighbaum and his mother would clothe, feed and educate her; appellee continued to live with the said Jacob Kreighbaum and his said mother up to May 31, 1922, and, during all of said time that appellee lived with them, the said Jacob Kreighbaum, appellant, remained unmarried, and the mother and son and this appellee made up the household.

The appellee testified to a series of specific facts and course of conduct on the part of the appellant, that if true would constitute seduction.

The appellant denied each and all the charges made by the appellee in her testimony, and it was undisputed that during the time the alleged acts of appellant were being committed, the appellee was keeping company with one Harry Dinsmore, whom she married; and within a short time, after said marriage, the appellee gave

birth to a child, which she claims was the child of the appellant.

It was competent for Esther Dinsmore to testify that appellant had sexual relations with her, which the jury could conclude was seduction, yet, under the facts in this case, when Esther Dinsmore married Harry Dinsmore and at said time was pregnant, they are both precluded from denying their parentage of that child. 1 Jones, Evidence §96; *Rabeke* v. *Baer* (1897), 115 Mich. 328, 73 N. W. 242, 69 Am. St. 567; *Dennison* v. *Paige* (1857), 29 Pa. St. 420, 72 Am. Dec. 644; *Scanlon* v. *Walshe* (1895), 81 Md. 118, 31 Atl. 498, 48 Am. St. 488; *Egbert* v. *Greenwalt* (1880), 44 Mich. 245, 6 N. W. 654, 38 Am. Rep. 260; *Wright* v. *Hicks* (1854), 15 Ga. 160, 60 Am. Dec. 687; *Corson* v. *Corson* (1863), 44 N. H. 587; *Shuman* v. *Shuman* (1892), 83 Wis. 250, 53 N. W. 455; *Binns* v. *Dazey* (1896), 147 Ind. 536, 44 N. E. 644; *Phillips* v. *State, ex rel.* (1925), 82 Ind. App. 356, 145 N. E. 895.

In *Wallace* v. *Wallace* (1908), 137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544, 126 Am. St. 253, 15 Ann. Cas. 761, it was held that the presumption could be overcome by proof that the husband was impotent, or that he was entirely absent so as to have no access to the mother, or was entirely absent at the time the child in the course of nature must have been begotten, or was present only under such circumstances as to afford clear and satisfactory proof that there was no sexual intercourse.

In *Stegall* v. *Stegall* (1825), 2 Brock. (Fed. Cas.) 256, Chief Justice Marshall said, "This presumption of the law may be rebutted by testimony which places the negative beyond all reasonable doubt."

But in this case Dinsmore was courting the appellee during the entire time that she claims to have been seduced by the appellant; he was alone with her frequently,

went with her to various places of amusement, and they were engaged to be married at the time she claims to have had intercourse with the appellant. As soon as he (Dinsmore) was informed about his wife's condition, he was not angered at her, but immediately proceeded to go after the appellant with a gun, and demanded $1,200 for his wife's seduction, the amount being the same amount as a $1,200 mortgage that was on Dinsmore's farm.

Although there was no objection to the competency of the appellee and her husband to deny the parentage of such child, and no exceptions to the instructions of the court on that question, we ought to be certain that appellant was not harmed by any ruling of the court upon which error is presented. The most serious of these rulings relate to the exclusion of the testimony of Mary Kreighbaum, mother of the appellant, as the same appeared in the bill of exceptions and transcript of the former appeal. Mrs. Kreighbaum's deposition was taken and introduced on the former trial and was copied in the bill of exceptions of the former appeal.

On the second trial appellant, desiring to read this deposition to the jury, asked the clerk for the same, and the clerk, after making a search of his office, was unable to find the deposition. On the next day, the appellant introduced evidence showing the loss of the deposition and identified the evidence of Mrs. Kreighbaum as the same appeared in the transcript used on the former appeal as being a copy of the last deposition, and evidence of Mrs. Kreighbaum's age and health, sufficient to have authorized the introduction of the deposition as the same appeared in the transcript. The court on objection refused to allow the evidence of Mrs. Kreighbaum given in the first trial to be read in evidence. This action of the court is presented as reversible error. Although the court erred, appellant failed to have the offered evidence incorporated in the record in the instant

appeal, and to give a condensed recital of the same in his brief. Can we say he was harmed by such? The burden was on the appellant to show that he was harmed by the ruling of the court. This he has failed to do. After the court had refused to allow this evidence to be introduced, appellant orally asked the court to allow the deposition of Mrs. Kreighbaum to be retaken. This request being refused, appellant then orally asked the court to delay the trial until a subpoena could be issued and Mrs. Kreighbaum brought in as a witness for him. This was also denied. These rulings are also complained of as being erroneous. No error is shown in the ruling of the court on either of these requests. A motion for a continuance or postponement of the trial should have been in writing and should show what the witness would testify to if present, to comply with §438 Burns 1926 (Acts 1881 [Spec. Sess.] p. 240, ch. 38, §374).

Nothwithstanding appellant's efforts to introduce the testimony of the witness given in the former trial, and his request for leave to retake her deposition and to have the trial postponed until she could be produced as a witness, appellee's counsel over appellant's objection was allowed to comment upon the fact that the appellant's mother was not a witness and that her deposition had not been retaken and read to the jury, and that it was reasonable to infer that appellant did not take such deposition because the testimony of Mrs. Kreighbaum, if given, would have been favorable to the appellee, and that astute lawyers like the two representing the appellant would not have overlooked the necessity of taking such deposition if the same would have been favorable to the appellant. The court, on motion of the appellant, refused to cause appellee's counsel to desist from such comment and argument, and refused to withdraw such argument and statement of

appellee's counsel from the consideration of the jury. This was error.

The court instructed the jury: "If you find from a preponderance of all the evidence in this case that the defendant in this action did seduce the plaintiff, and that such seduction by the defendant caused the plaintiff to become pregnant, which resulted in the birth of a child, then it is your province to fix the amount of plaintiff's recovery; and the law does not furnish any definite money standard or measure for her injuries, and it is your province, in the reasonable exercise of your discretion, to fix her damages in such sum as you may find, under all the evidence in this case, taking, into consideration the situation and the circumstances of both parties, would compensate her for the injuries that she has sustained on account of the defendant's acts of seduction, for plaintiff's disgrace and loss of reputation, for her pain and suffering of body and anguish of mind caused by the seduction and the begetting and birth of the child, if you find from the evidence that any or all of such injuries resulted, but not exceeding the amount claimed in the complaint." In view of the law prohibiting Esther Dinsmore and Harry Dinsmore from denying the parentage of the child, the above instruction was clearly erroneous, because the only damage recoverable in any event would be damages for the assault and intercourse and not for the damages of pain and suffering occasioned by the birth of the child, for the child, under the law, is Harry Dinsmore's child, and therefore the above instruction constitutes error.

The testimony in the trial of this cause took a wide range, and in view of the fact that appellee and her husband were allowed to testify to appellee's pregnancy at the time of their marriage, and to bastardize a child born to the appellee after the marriage, which was begotten at a time when her husband had access to her, and

the instructions of the court calling attention of the jury to the pregnancy of the appellee and the birth of the child born in wedlock, it is ordered that the judgment be reversed.