SMURR *v*. STATE OF INDIANA.

[No. 26,712. Filed February 11, 1937.]

*Walter R. Arnold,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *James D. Sturgis,* Deputy Attorney-General, and *Glen R. Sawyer,* for the State.

FANSLER, J.—Appellant was indicted for second degree rape. He was convicted of assault and battery.

He assigned as error the overruling of his motion to quash the second amended affidavit, on which he was tried, and the overruling of his motion in arrest of judgment.

The case originated in Elkhart county. Upon application of appellant, the venue was changed to the St. Joseph Circuit Court, and, by agreement of the parties, was transferred to the St. Joseph Superior Court No. 1. Appellant contends that the offense charged is not within the jurisdiction of the St. Joseph Superior Court. This is upon the theory that, where a change of venue has been taken from the county where the affidavit was originally filed, and a new affidavit is filed in the county to which the cause was venued, such affidavit must state how the proceeding came into the court where it is tried. This position is based upon section 9-1308 Burns' Ann. St. 1933, section 2229 Baldwin's Ind. St. 1934, which refers to a new action being instituted after a change of venue has been taken in the original action. But the prosecution here was in the original action, on an affidavit amended as authorized by section 9-1124 Burns' Ann. St. 1933, section 2186 Baldwin's Ind. St. 1934. It is not a new action. *State* v. *Simpson et al.* (1906), 166 Ind. 211, 76

N. E. 544, 76 N. E. 1005; *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543.

Section 10-4201 Burns' Ann. St. 1933, section 2422 Baldwin's Ind. St. 1934, is as follows:

"Whoever, unlawfully, has carnal knowledge of a woman forcibly against her will, or of a male or female child under sixteen (16) years of age, or whoever, being over eighteen (18) years of age, has carnal knowledge of a woman, other than his wife, which woman is insane, epileptic, idiotic, feeble-minded, or a pauper inmate of a poor asylum, he knowing of such condition of such woman; or whoever, being over eighteen (18) years of age, has carnel knowledge of a woman who is an inmate of the Women's Prison or the Indiana Girls' School, is guilty of rape in the first degree, and, on conviction, shall be imprisoned in the state prison for not less than five (5) nor more than twenty-one (21) years: Provided, further, That in cases where the female upon whom the crime is committed is a child under the age of twelve (12) years, the punishment shall be imprisonment in the state prison for life.

"A person who perpetrates an act of sexual intercourse with a female not his wife, under the age of eighteen (18) years, under circumsatnces not amounting to rape in the first degree, is guilty of rape in the second degree, and on conviction, shall be punished by imprisonment in the state prison for not less than one (1) nor more than ten (10) years."

The affidavit upon which appellant was tried, omitting the caption and signatures, is as follows:

"The undersigned affiant upon oath swears that on or about the 18th day of August, 1935, at the County of Elkhart and State of Indiana, one James E. Smurr did then and there unlawfully and feloniously have sexual intercourse, under circumstances not amounting to rape in the first degree, with one Gloria May Schult, a female, not being then and there the wife of the said James E. Smurr, and she, the said Gloria May Schult, being then and

there under the age of eighteen years, to-wit: sixteen years of age, and she, the said Gloria May Schult, not being then and there insane, epileptic, idiotic, feeble-minded and not being then and there a pauper inmate of a poor asylum, and she, the said Gloria May Schult not then and there being an inmate of the Woman's Prison of this State and not being then and there an inmate of the Indiana Girls' School, and he, the said James E. Smurr, then and there being a male person over the age of eighteen years, to wit: Thirty-four years of age; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant in his brief analyzes the second paragraph of the statute, designating the cases which he assumes to be covered by it, and says that:

"Had the Legislature intended to constitute any sexual intercourse between a male and female, not his wife, between the ages of sixteen and eighteen years, to constitute a crime, denounced by this section, it would readily have at hand apt words of the English language to express that purpose, e. g.

" 'A person who perpetrates an act of sexual intercourse with a female not his wife, she being over sixteen and under eighteen years of age, is guilty of rape in the second degree.'

"Under these circumstances, how can it be said that the affidavit in question charges a public offense?"

The second clause of the statute defines rape in the second degree as consisting of acts of sexual intercourse with a female, not the wife of the defendant, under the age of eighteen years and over the age of sixteen years, when the defendant is under eighteen years of age, or, being over eighteen years of age the female was not, or the defendant had no knowledge that she was insane, epileptic, idiotic, feeble-minded, or a pauper inmate of a poor asylum, or where the female was not an inmate of the Women's Prison or the Indiana Girls' School. The facts which would bring the offense within the defini-

tion of rape in the first degree are expressly taken out of the charge in the present case by the terms of the affidavit, so that an examination of the statute and an examination of the pleading indicate clearly the character of the crime charged, the character of the person against which it is charged to have been perpetrated, and that the offense falls within the clause of the statute defining rape in the second degree. The difficulty with the *apt* words suggested by appellant is that there would be an overlapping of rape in the first degree as now defined and rape in the second degree, which is avoided by the language used by the Legislature. If the intent and meaning of a statute are clear, it is not important that it is drawn in the most apt language. Under the indictment, appellant could clearly understand the character of the charge against him.

Judgment affirmed.