## CURRY *v.* MAYNARD

[No. 28,481. Filed February 8, 1949.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*N. George Nasser,* of Terre Haute, for appellee.

JASPER, J.—This is an appeal from an indirect contempt proceeding arising out of a judgment and order for support rendered in the Vigo Circuit Court, Juvenile

Division, establishing the appellant as the father of a child born out of wedlock.

In the original action, the same was tried without the intervention of a jury, and the appellant was found to be the father of the child born to the appellee, and ordered to pay to the clerk of the court the sum of $30 per month, in semi-monthly payments of $15 each. On failure of the appellant to comply with the order of court, he was found guilty of indirect contempt. A Referee of the Juvenile Court heard the case, and, on his written recommendations to the Judge, judgment was rendered. An appeal was not taken in the original action.

The basis for the errors assigned is the alleged failure of the original petition to confer jurisdiction of the person and subject matter, and the entering of the original judgment in the appellant's absence.

The appellant contends that, since the verified petition in the original action contains the words "bastard child," instead of "child born out of wedlock," jurisdiction was not conferred upon the court.

The original petition complies substantially with § 3-633, Burns' 1946 Replacement, and it is our opinion that the petition was sufficient. The fact that the verified petition in the original action contains the words "bastard child," instead of "child born out of wedlock," does not make the petition faulty. Where the court has jurisdiction of the person and subject matter, a faulty complaint would not deprive the court of jurisdiction. "Bastard child" and "child born out of wedlock" are synonymous. See Webster's New International Dictionary, Second Edition, defining "bastard" as:

"1. . . . a child begotten and born out of wedlock; an illegitimate child; one born of an illicit union."

The appellant contends that the Judge in the original action entered the judgment out of the presence of the appellant. The original action was assigned to a Referee of the Juvenile Court, and was heard by him, he being properly appointed and complying with the statute. All findings and recommendations were in writing, and the court properly entered the orders and decrees. Section 9-3116, Burns' 1942 Replacement (1947 Supp.). In order for the judgment in the original action to be binding, it was not necessary for it to be rendered in the presence of the appellant.

It was contended that the original judgment was in conflict with the Fifth Amendment to the Constitution of the United States. The objection is not well grounded, for this amendment operates exclusively in restriction of federal power. *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543.

The appellant contends that the act of 1941 (Acts 1941, ch. 112, p. 301 *et seq.*) is unconstitutional, without citing any particular section of the statute which he claims to be unconstitutional. This raises no question before this court. It has been held that this statute does not violate Art. 4, § 19, of the constitution of Indiana. In *State ex rel. Taylor* v. *Greene Circuit Court* (1945), 223 Ind. 562, 569, 63 N. E. 2d 287, 289, the court, in discussing the child born out of wedlock act (§ 3-623 to § 3-655, Burns' 1946 Replacement), said that:

> "It is our conclusion that the act in question as a whole is not invalid because it is in conflict with the constitutional provision mentioned."

The appellant's contention that he was not offered the right to consent to an earlier trial is covered by § 3-637,

Burns' 1946 Replacement, which confers the right on the appellant to consent to an earlier trial, and unless the appellant asks the court for a trial date prior to the birth of the child, it must be held after the child is born. This court said, in *State ex rel. Taylor* v. *Greene Circuit Court, supra* (p. 568 of 223 Ind., p. 289 of 63 N. E. 2d):

"However, the statute while providing for the beginning of the action before the birth of the child, further provides in § 15 that unless the defendant consent to an earlier hearing, the hearing shall be continued until the child is born. It is only reasonable to contemplate birth, when pregnancy is established, and that a prospective and provident mother should have the right without unnecessary delay, to take legal action to establish the paternity of her child, is reasonably to be inferred from the title of this act. The act provides that the defendant may be brought into court and held to answer the charge,—the hearing to be had after the child is born."

There appears in the record no violation of §§ 12, 13, 20, and 25 of Art. 1 of the Constitution of Indiana, as contended by the Appellant. Suffice it to say that the court was open, the appellant had a trial, met witnesses face to face, had attorneys representing him, consented to the setting and trial, and, on request, could have had a jury trial. Section 21 of Art. 1 of the Constitution of Indiana is not applicable to this case, as this section covers compensation for services or property.

There was no error committed in the overruling of the motion for a new trial. Numerical paragraphs 1 and 2 of the motion for a new trial being identical to the questions above set out, no further discussion is needed. Numerical paragraphs 3 and

4 of the motion for a new trial, not being briefed by appellant, are thereby waived under Rule 2-17 (f) of this court.

The Juvenile Court of Vigo County has jurisdiction of paternity proceedings by statute. Sections 9-3102 and 9-3103, Burns' 1942 Replacement (1947 Supp.). And the court in this case, upon the filing of the proper verified petition, found the appellant guilty of contempt of court. The court had jurisdiction of the person and subject matter, as provided in §§ 3-644, 3-645, 3-903, 3-905, 3-908, and 3-909, Burns' 1946 Replacement, covering indirect contempt of court.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 782.