## PURSLEY v. HISCH

[No. 17,843. Filed April 18, 1949.]

234

*John E. Early*, of Evansville, for appellant.

*J. William Davidson*, of Evansville, for appellee.

DRAPER, J.—The judge's certificate to the bill of exceptions containing the evidence in this case shows the signature was affixed thereto by rubber stamp. For this reason it is asserted the evidence is not in the record, and therefore not before this court:

If the judge attached his signature to the certificate by means of a rubber stamp, with the intention of so

signing it, it will be regarded as having been signed by him. *Hamilton* v. *The State* (1885), 103 Ind. 96, 2 N. E. 299. Our Supreme Court has said the rubber stamp signature of a deputy prosecuting attorney, who is a judicial officer, is the equivalent of a signature made with pen and ink. *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 1.

We will not assume the signature was affixed by an interloper. Indulging the usual presumption of regularity this court will presume the signature was attached by the judge with the intention of thus signing the bill, unless the record affirmatively shows the contrary. The record does not so show. It is shown by order book entry of even date with the certificate that the trial judge approved and signed the bill, and ordered it filed, and the same was filed. We hold the bill of exceptions is in the record.

As to the merits of the case, the appellant Pursley is alleged to have caused the appellee, then an unmarried girl, to become pregnant in June of 1947. The child was born in March of 1948. In February of 1948, about 30 days before the child was born, the appellee was married to one Hisch, and they were man and wife when the child was born.

In August of 1948 the appellee filed this proceeding under the provisions of Ch. 112 of the Acts of 1941, being § 3-623, et seq., Burns' 1946 Replacement, to establish the paternity of the child and to compel the appellant to fulfill the obligations of a father.

The appellant takes the position that he is insulated against responsibility in this case because said child was not "born out of wedlock" within the meaning of the Act. We cannot agree. As used in the Uniform Illegitimacy Act, after which our Act is closely patterned, the term "wedlock" refers to *the status of the parents of the child in relation to*

*each other.* A child born to a married woman, but begotten by one other than her husband, is a child "born out of wedlock" within the purview of the statute. *State of North Dakota* v. *Coliton* (1945), 73 N. D. 582, 17 N. W. 2d 546, 156 A. L. R. 1403.

Hisch knew the appellee was pregnant when he married her. Does this fact give rise to a conclusive presumption or inference that he is the father of the child? Our attention has been called to *Phillips* v. *State ex rel. Hathcock* (1925), 82 Ind. App. 356, 145 N. E. 895; *Kreighbaum* v. *Dinsmore* (1929), 88 Ind. App. 693, 165 N. E. 526; and *Evans* v. *State ex rel. Freeman* (1905), 165 Ind. 369, 74 N. E. 244, 75 N. E. 651.

In the Phillips case one Hathcock married the relatrix knowing she was pregnant. This court there suggested the presumption was not conclusive, and indicated it could be overcome by clear, convincing and irrefragable proof of non-access. It is significant that the judgment against the defendant was reversed, not because the presumption was conclusive, but because the evidence was insufficient to overcome it.

In the Dinsmore case it appeared that Dinsmore married the mother of the child knowing she was pregnant. She later sued Kreighbaum and alleged he was the father of her child. This court said Dinsmore and the mother were both precluded from denying parentage of the child "under the facts in this case," the facts being that Dinsmore was courting the appellee during the whole time she claimed to have been seduced by Kreighbaum; he was alone with her frequently; they went to places of amusement together; and they were engaged to be married the whole time. Thus that case also actually turned upon its facts.

The Evans case was not one where a man married a woman knowing she was enceinte. There the woman

was married when the child was begotten, but claimed that another than her husband was father of the child. The court said the testimony of a married woman should be carefully scrutinized in these cases, and indicated that when it is shown the husband had opportunity, proof that another is the father of the child should be direct, clear and convincing.

Our attention has also been called to *Bailey et al.* v. *Boyd* (1877), 59 Ind. 292. In that case a man married a woman whom he knew to be pregnant with a child *charged to be his* and he thereafter lived and cohabited with her for many years. It was there held that he conclusively acknowledged the child to be his. The case concerned the title to land and involved only the rights of the child. On its facts it is not controlling here.

The modern trend is away from the rule of conclusiveness, which has sometimes achieved nonsensical results, and toward a sane and reasonable ascertainment of the facts. *In re Findley* (1930), 253 N. Y. 1, 170 N. E. 471, per Cardozo.

In a proceeding of this kind we think the presumption or inference, although it is one of the strongest known to the law, is susceptible of being rebutted. See *Roth* v. *Jacobs* (1871), 21 Ohio St. Rep. 646. We are of the opinion however, that such can only be done by evidence which is direct, clear and convincing. *Evans* v. *State ex rel. Freeman, supra.*

In this case the appellee had known Hisch for about two years before they were married, and had kept company with him through her senior year in High School. She testified she had no "dates" with him during 1947. Her other testimony indicated, however, that she did not use the word "date" as meaning an occasion upon which she indulged in

acts of commerce. Several other witnesses testified they never "double dated" with the appellee and Hisch during 1947 and had not seen the appellee on "dates" with anyone other than appellant. There is no evidence to show where, how often, under what circumstances or for what purpose she was with him, if at all, at or about the probable time of conception. The appellee did not testify directly whether she did or did not have sexual intercourse with Hisch, and Hisch offered no testimony whatever. In our opinion the evidence was not sufficient to satisfy the requirements of the rule above stated.

Since the cause must be re-tried we feel it best to discuss certain instructions. The appellant complains of Instruction No. 4 because it assumes a child was born to the appellee. The birth of the child was firmly established by witnesses for both sides, and it was in no way disputed. It is elementary that an instruction is not erroneous because it assumes the existence of a fact which is supported by undisputed, uncontradicted evidence.

The instruction is further complained of because it referred to the action as a "bastardy proceeding," and this is claimed to have prejudiced the appellant. No authorities are cited, and we are left to speculate as to how or in what manner the instruction prejudiced the appellant. This contention must, therefore, be denied. Rules of the Supreme Court, 2-17 (f). See also *Curry* v. *Maynard* (1949), 227 Ind. 46, 83 N. E. 2d 782.

The appellant complains of Instruction No. 6 by which the court told the jury they might consider, along with all the other evidence in the case, the question as to whether there was or was not an opportunity to commit sexual intercourse at the time and in the manner detailed by the plaintiff, and whether or

not there was a desire on the part of the parties to indulge in such act, and it further told them if they found from the evidence there was both the opportunity and desire present, they would be justified in finding against the defendant, unless they further find the defendant was not chargeable with the act complained of.

While we feel that opportunity and desire, in combination, are proper to be considered along with other facts and circumstances on the question of the parties' indulgence in acts of sexual intercourse, we do not think those circumstances alone would justify the jury in finding such acts had taken place between the parties. Certainly those circumstances alone would not justify the jury in making a general finding against the defendant on all the issues presented in a case of this kind.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 85 N. E. 2d 270.