DUKE *v.* DUKE.

[No. 19,482. Filed October 22, 1962. Rehearing denied November 20, 1962. Transfer denied January 3, 1963.]

*Curtis W. Roll*, of Kokomo, for appellant.

*Gerald W. Rybolt*, of Kokomo, and *Rocap, Rocap & Reese*, of Indianapolis, for appellee.

RYAN, J.—Appellant filed her complaint for separation from bed and board from the appellee, and the appellee in turn filed his cross-complaint for divorce. Trial was had by the court and the court rendered a general judgment finding for the appellee on his cross-complaint and against the appellant on her complaint for separation from bed and board.

A motion for a new trial was filed, alleging that the decision of the court was not sustained by sufficient evidence and was contrary to law. The appellant now asserts as error in this court the overruling of the motion for a new trial.

The question as to the parentage of a child born during the period of marriage was put in issue by the pleadings, the appellee alleging in his cross-complaint that there were no children born to this union, and the appellant in her answer to the cross-complaint al-

leging specifically that she was pregnant and that the cross-complainant was the father of such unborn child. Such child was born in June of 1959, and the divorce was granted in November of the same year.

The evidence reflects that the appellee had access to the appellant from August of 1958. There was no showing that anyone else had. When the parties were married in January, 1959, the appellee knew that the appellant was enceinte. There was medical testimony to the effect that the appellee was sterile at the time of an examination in August of 1959, and that while in the opinion of the medical examiner the appellee was sterile in August of 1958, he could not state positively that the condition of sterility existed in July, August, or September of 1958.

When the question of legitimacy is raised, the burden generally is on the party who alleges the contrary to prove illegitimacy or to overcome the presumption. 5 I. L. E. §2. While the presumption that every child born during wedlock is legitimate is one of the most firmly established principles of common law, such presumption is not conclusive, and may be rebutted.

The rule was stated by this court in the case of *Pilgrim* v. *Pilgrim* (1947), 118 Ind. App. 6, 75 N. E. 2d 159, at page 12 of 118 Ind. App.:

"... that the presumption of the legitimacy of a child born during a marriage may be rebutted by evidence that the husband could not have had access to the mother at the time when the child must in the course of nature have been begotten."

and thus while susceptible of being rebutted, "such can only be done by evidence which is direct, clear and convincing." *Pursley* v. *Hisch* (1949), 119 Ind. App. 232, 237, 85 N. E. 2d 270.

Applying these general rules to the particular facts of this case, we are of the opinion that the appellee did not sustain the burden he had of proving that he was not the father of the child.

Since the evidence, in our opinion, warrants the granting of a divorce in this case, the same is affirmed, but the cause is remanded to the trial court with instructions to modify its decree in accordance with this opinion.

Cooper, P. J., and Ax and Myers, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 478.

Transfer denied. Bobbitt, J., not participating.