## L.F.R. *v.* R.A.R.

[No. 1-477A93. Filed December 20, 1977. Rehearing denied January 18, 1978.]

*John D. Clouse*, of Evansville, for appellant.

*Gerald G. Fuchs*, of Evansville, for appellee.

ROBERTSON, C.J.—Petitioner-appellant, L.F.R., brings this appeal from a judgment of the Vanderburgh Superior Court that respondent-appellee, R.A.R., was not the father of L.F.R.'s minor child born on June 26, 1976. L.F.R. alleges that such judgment is contrary to law.

We affirm.

L.F.R. and R.A.R. were married on May 23, 1975 and separated sometime about the first week of July, 1975, with L.F.R. filing for dissolution of marriage contemporaneously. After a number of interim proceedings, the trial court dissolved the marriage on March 16, 1976 but retained jurisdiction to determine the paternity of L.F.R.'s then unborn child. The child was born June 26, 1976, and the trial court heard the paternity issue on October 19, 1976, taking the matter under advisement. Thereafter, judgment was entered declaring R.A.R. not to be the father of L.F.R's child.

It is L.F.R.'s contention that as the child was conceived before the dissolution of marriage, there is a presumption of legitimacy—that the child is that of R.A.R. Further, it is contended that R.A.R. failed to adequately rebut that presumption and that the trial court, therefore, erred, as a matter of law, in finding that R.A.R. was not the father of L.F.R.'s child.

L.F.R. alludes to *Hooley v. Hooley* (1967), 141 Ind. App. 101, 226 N.E.2d 344, and its genre to support her contention regarding the presumption of legitimacy:

'The policy of the law is to presume that a child is legitimate, and he is presumed to be so until the contrary is shown.' 5 I.L.E., *Children Born Out of Wedlock*, § 2, p. 141; 9 Wigmore, Evidence, § 2527, p. 448 (3d ed., 1940).

'It has been said that the law presumes that every child in a Christian country is prima facie the offspring of a lawful, rather than of a meretricious, union of parents, * * *.' 10 Am.Jur., 2d, *Bastards*, § 10, p. 850.

The modern doctrine, and the one which has been adopted in this State, is that the presumption of the legitimacy of a child born during marriage is not conclusive and the trend is toward a sane and reasonable ascertainment of the facts. *Pursley v. Hisch* (1949), 119 Ind. App. 232, 237, 85 N.E.2d 270. 5 I.L.E., *Children Born Out of Wedlock*, § 2, p. 142.

'While the presumption that every child born during wedlock is legitimate is one of the most firmly established principles of common law, such presumption is not conclusive, and may be rebutted.' *Duke v. Duke* (1963), 134 Ind. App. 172, 174, 185 N.E.2d 478, 479 (Transfer denied).

However, such evidence to rebut the presumption must be direct clear and convincing. *Whitman v. Whitman* (1966), 140 Ind. App. 289, 215 N.E.2d 689, (Transfer denied); *Duke v. Duke, supra; Pursley v. Hisch, supra.* 5 I.L.E., *Children Born Out of Wedlock*, § 2, p. 142, *supra.* 141 Ind. App. at 106, 107, 226 N.E.2d at 347.

We would note here that the facts of this case are dissimilar to those in the cases cited above in that this child was conceived during the marriage and born after dissolution rather than being conceived before or during coverture and born during coverture. Be that as it may, we consider these facts to create an equally strong presumption of legitimacy.

Over the years our courts have recognized a number of exceptions the proof of which may be taken as overcoming the aforementioned presumption. *Phillips v. State ex rel. Hathcock* (1925), 82 Ind. App. 356, 145 N.E. 895, set forth the following four circumstances:

1. the husband's impotence,

2. the entire absence of the husband so as to have no access to

the mother,

3. the entire absence of the husband during the time the child must have been conceived, and

4. the presence of the husband only under such circumstances as to afford clear and satisfactory proof that there was no sexual intercourse

That number has been expanded, as we construe the opinions, thusly:

5. the husband's sterility at the time the child must have been conceived, if established by direct clear and convincing evidence, *Whitman v. Whitman* (1966), 140 Ind. App. 289, 215 N.E.2d 689, and

6. the exclusion of the husband as the father based upon blood grouping test results. *Beck v. Beck* (1973), 159 Ind. App. 20, 304 N.E.2d 541.

When a judgment is attacked as being contrary to law, as L.F.R. is doing here, this Court will consider only the evidence supportive of the judgment and the reasonable inferences to be drawn therefrom. *Blankenship v. Huesman* (1977), 173 Ind. App. 98, 362 N.E.2d 850.

R.A.R. admitted that he had seen and talked with L.F.R. after their separation, but he testified that he had no sexual relations with her after July 8, 1975, when he left their home, not to return. His testimony, taken by itself and if believed by the trier of fact, is evidence that would support a determination that R.A.R. was not the father of L.F.R.'s child.

Judge Hoffman, in *Beck v. Beck* (1973), 159 Ind. App. 20, 27, 340 N.E.2d 541, 545, stated the issue now before us when he said, "Thus, on appeal, reviewing the evidence most favorable to the appellee, the question becomes one of whether the trial court could find that the evidence was direct, clear and convincing."

While R.A.R.'s evidence is perhaps not the qualitative equivalent of that which might be adduced for the other listed exceptions, we are not prepared to require of him the most difficult task of proving a negative proposition in order that he meet his burden of proof. The trial court had before it conflicting

testimony regarding R.A.R.'s access to L.F.R., and it is the function of the trial court to determine the credibility of the witnesses and weigh the evidence, not the function of this Court. *B & T Distributors, Inc. v. Riehle* (1977), 266 Ind. 146, 366 N.E.2d 178. The trial court has performed its function and has reached a conclusion that is supported by the evidence.

In *Beck v. Beck, supra,* Judge Hoffman also commented:

> In the past, a finding that a child was born out of wedlock placed a strong social stigma upon the innocent child. However, today such stigma is rapidly disappearing as have social proscriptions against a girl showing her ankles or a man wearing a topless bathing suit. Today's society no longer condemns a child for the transgressions of the parents. 159 Ind. App. at 26, 304 N.E.2d at 545.

We endorse Judge Hoffman's observation and, accordingly, do not feel compelled to strain the facts appearing in the record in order to find that R.A.R. was the father of the child. Such a result would be antagonistic to the judgment of the trial court; such an endeavor on our part would be antagonistic to our standard of appellate review.

We affirm the judgment of the trial court.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 370 N.E.2d 936.