STATE of Indiana, ex rel., Lucille Frances REED, Relator,

v.

MARION SUPERIOR COURT, CIVIL DIVISION, ROOM NO. 3, and, The Honorable Betty Barteau, Judge of the Marion Superior Court, Civil Division, Room No. 3, Respondents.

No. 582S190.

Supreme Court of Indiana.

Aug. 2, 1982.

Sherwood Blue, Indianapolis, for relator.

Duge Butler, Jr., Indianapolis, for respondents.

GIVAN, Chief Justice.

On May 14, 1982, we granted relator's verified petition for temporary writ of mandamus and prohibition against the Respondent Court and Respondent Judge. The writ ordered her to withdraw the submission of Cause No. S381–0647, entitled In Re: The Marriage of Claude Reed, Husband and Lucille Frances Reed, Wife from a judge pro tempore. We further ordered the Respondent Judge to expunge from the records of the court the appointment of the judge pro tempore for December 18, 1981, and all purported action on decrees entered by her on the above-stated date.

Counsel requested the Reed case be removed from the Respondent's calendar for December 18, 1981. The Respondent Judge declined to act upon relator's objection but submitted it to the judge pro tempore for her consideration. When notified of the Respondent Judge's refusal to act, relator's counsel filed a motion for change of judge from the Respondent Judge. The judge pro tempore overruled the relator's objection to trial of cause before such judge and denied her motion for change of judge. Relator's counsel appeared before the judge pro tempore at the scheduled hearing date, made his objection for the record and refused to participate in the proceeding.

Relator maintained throughout the proceedings the appointment of the judge pro tempore by the Respondent Court was improper. She relies on Indiana Rules of Trial Procedure, Rule 63(E) which reads in pertinent part:

> "(E) *Judge pro tempore when judge is unable to attend.* A judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence."

Relator shows through docket book entries the Respondent Judge was present and presided at a jury trial in Respondent Court on December 18, 1981. Therefore, Respondent Judge was not "absent" as within the language of Trial Rule 63(E), necessitating an appointment of a judge pro tempore to "conduct the business of the court."

We agree. The unambiguous language of Trial Rule 63(E) does not contemplate the appointment of a judge pro tempore while the regular judge is present and presiding in the court.

The temporary writ of mandamus and prohibition heretofore issued is now made permanent.

All Justices concur.