Judith A. MATHERLY,
Plaintiff-Appellant,

v.

Morris G. MATHERLY,
Defendant-Appellee.

No. 2–1181A375.

Supreme Court of Indiana.

Dec. 30, 1983.

Barbara J. Marple, Indianapolis, for plaintiff-appellant.

Frank E. Spencer, Indianapolis, for defendant-appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Second District Court of Appeals. Said petition is brought by Respondent-Appellee Morris Matherly following the Second District's holding that the trial judge did not have jurisdiction to correct an enforcing order issued after the trial court's entry of a dissolution decree.

The facts show that Judith and Morris Matherly were married three years when Judith filed her petition for dissolution in January, 1979. After a trial and by decree dated July 10, 1979, the trial court divided the property of the parties. Included in the trial court's decree were the following provisions concerning the real estate of the parties:

"That the property located at 16777 Mill Creek, Noblesville, Indiana, shall remain in the possession of the respondent until sold and shall be vacated by the petitioner within thirty (30) days and the proceeds of the sale to be divided equally.

.    .    .    .    .

That the respondent is awarded the property located in Kentucky and Indianapolis, Indiana, which he acquired prior to this marriage."

On August 17, 1979, Morris filed a motion to correct errors alleging that Judith fraudulently failed to disclose all of her assets during trial. Morris specifically claimed in his Memorandum for Motion to Correct Errors that Judith had secretly obtained possession of certain of his cash assets and concealed them. Judith moved to allow Morris' motion to correct errors and the trial court accordingly granted it. The trial

court subsequently issued a second dissolution decree which ordered a new division of the parties' property and indicated which party was to get which items of property. The decree further stipulated that each party was to take its personal property subject to any liens or encumbrances thereon and was to issue such title transfers as necessary to effect the ordered distribution of personal property. There also were the following provisions pertaining to real estate in the second decree:

"6. That the real estate of the parties shall be sold and out of the net proceeds thereof, $225.00 shall be paid to attorney Barbara J. Marple for her services regarding the mortgage foreclosure suit and the balance of such equity shall be divided evenly between the parties.

. . . . .

9. That there is no other real, or personal property or indebtedness of the marriage which the court need apportion between the parties."

No appeal was taken from this second decree by either party. More than four months after the entry of the second decree, Judith filed an unverified petition to appoint a commissioner to sell the real estate of the parties. The petition to appoint did not mention the Indianapolis or Kentucky properties. The order entered by the trial court, however, provided for the appointment of a commissioner to sell the real estate in Indianapolis and Kentucky. This order was entered on May 12, 1981, without a hearing and without prior notice to Morris or his attorney. After learning of the order, Morris filed a motion to set aside the order on May 26, 1981. The trial court, proceeding in *ex parte* fashion but after having received from Judith her Response in Opposition to Defendant's Petition to Set Aside Order to Sell Real Estate, made the following entry:

"Comes now the court and being duly advised now sustains Respondent's Motion to Set Aside Order to Sell Real Estate as the same applies to Indianapolis and Kentucky real estate."

This order modifying the previous order and striking the appointment of a commissioner to sell the Indianapolis and Kentucky real estate is what is now in question. Morris brought his motion to amend the enforcement order pursuant to Ind.R. Tr.P. 60 while contending that the Indianapolis and Kentucky real estate parcels were not assets of the marriage subject to the second dissolution decree.

■ We agree with the Second District that a trial rule 60 motion for relief from a judgment or order is addressed to the equitable discretion of the trial court and its grant or denial will be disturbed only when that discretion has been abused. *Blichert v. Brososky,* (1982) Ind.App., 436 N.E.2d 1165; *First National Bank & Trust Company v. Coling,* (1981) Ind.App., 419 N.E.2d 1326; *Toller v. Toller,* (1978) 176 Ind.App. 322, 375 N.E.2d 263. Abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Blichert, supra; Associates Financial Services Company v. Knapp,* (1981) Ind.App., 422 N.E.2d 1261. We also agree with Morris that the instant issue does not pertain to a modification of the dissolution judgment but rather pertains to the correction of a subsequent enforcing order.

■ The "second" or December 9, 1980, decree to which the enforcement order refers contained no specific description of real estate. It did, however, indirectly refer to certain real estate by ordering $225.00 to be paid to attorney Marple for her handling of a mortgage foreclosure involving the Noblesville property. The balance of *such equity* was ordered to be divided equally between the parties. The decree further dictated that there was no other real or personal property or indebtedness which the trial court *need apportion* between the parties. Judith contended before the Court of Appeals and now contends that Ind.Code § 31–1–11.5–11 (Burns 1980) defines "property" to include all property whether owned by either spouse

.

prior to marriage, acquired by either spouse in his or her own right after marriage and prior to separation or acquired by the couple's joint efforts. The Court of Appeals agreed finding that all property owned by either or both of the parties is included in the "marital pot" and is to be divided by the trial court in a just and reasonable manner. We too agree that this general proposition is true. This proposition does not, however, resolve the instant issue as the instant issue pertains to the trial judge's interpretation of his own decree by his entry and subsequent amendment of an enforcing order directed to that decree. Whether or not the reference to real estate in the second decree included all of the real estate owned by the parties in any capacity is a question of interpretation of that decree.

The language of the second decree is ambiguous. In the first decree, the trial judge awarded the Kentucky and Indianapolis properties to Morris since they were acquired prior to his marriage to Judith. The Noblesville property was ordered sold with the proceeds divided equally between the parties. That first decree was set aside as explained above and has no effect on the second decree except that it may be helpful in interpreting the trial judge's language and intention in the second decree.

In Paragraph 6 of the second decree, the trial judge ordered that the real estate of the parties be sold with the net proceeds divided. The trial judge specifically ordered that the balance remaining after certain attorney fees were paid for a mortgage foreclosure involving the Noblesville property be divided equally between the parties. Neither of the Kentucky or Indianapolis properties were mentioned in the second decree. Moreover, Paragraph 9 of the second decree stated that there was no real or personal property or indebtedness of the marriage besides that which had been specified in the second decree which the trial court needed to apportion between the parties. Paragraph 9 could, of course, mean that the trial judge had disposed of all of the properties to be divided between the parties. It also could mean that there were other properties such as the Indianapolis and Kentucky properties which did not need to be apportioned between the parties because the trial court already had determined that they would be given to Morris. If the trial judge considered the Indianapolis and Kentucky parcels as part of the marital "pot" and divided the "pot" as he saw fit within the law, then we cannot quarrel with that decision. This is especially true since neither of the parties appealed from that decision.

At this point, we are faced with the trial judge's interpretation of his own decree. When the trial judge was informed that he had issued an order providing for the sale and division of the Kentucky and Indianapolis properties, the trial judge ordered that said order be set aside. This is clearly indicative of what the trial judge intended by his second decree. Notwithstanding, the second decree can reasonably be interpreted as providing for the sale and division of the Noblesville property while leaving the Kentucky and Indianapolis properties to Morris. Morris points out that trial rule 60(b) authorizes the trial court to relieve a party or his legal representative from a final judgment, order, default or proceeding for mistake, surprise or excusable neglect. Furthermore, Ind.Code §§ 33–1–6–3 and 33–1–6–4 (Burns 1975) provide that a trial court retains power and control over its judgments for a period of ninety days after rendition. Trial rule 60(a) provides that errors arising from oversight or omission may be corrected by the trial court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. The instant trial judge did not amend his dissolution decree but rather amended his enforcement order. We will not say that the action of the trial judge in amending his enforcement order was clearly erroneous in that the amendment was not against the logic and effect of the facts before the trial judge and the inferences which may have been drawn therefrom. As we have stated above, a trial rule 60 motion for relief from a judgment or order is addressed to the

equitable discretion of the trial court and its grant or denial will be disturbed only when that discretion has been abused. We find no abuse of discretion by the instant trial court.

The opinion of the Court of Appeals is vacated and the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.