**STATE of Indiana ex rel. Stephen A. PEACOCK and Cheryle A. Peacock, Relators,**

v.

**The MARION SUPERIOR COURT, CIVIL DIVISION, ROOM NO. 5, and the Honorable Michael T. Dugan, II, as Judge Thereof, Respondents.**

No. 1285S511.

Supreme Court of Indiana.

April 3, 1986.

Rehearing Denied May 22, 1986.

Sherwood Blue, Indianapolis, for relators.

Ralph H. Zimmerman, Zimmerman & Arany, Indianapolis, for respondents.

## ORIGINAL ACTION

GIVAN, Chief Justice.

This original action arises out of a cause filed in the respondent court by Alan D. Harwell and Mary Ann Harwell against Stephen A. Peacock and Cheryle A. Peacock, administrators of the estate of Paul R. Emmelman, in connection with a sales contract for certain real estate.

The suit was brought on July 18, 1985. On August 9, 1985, relators entered their appearance and filed for an enlargement of time to answer the complaint. This was automatically granted under local rule, giving relators until September 11, 1985, to file their answer.

On August 14, 1985, the bench in the respondent court was occupied by Judge Pro Tempore Steven R. Eichholtz. The record also shows that at sometime during that day Judge Eichholtz vacated the bench to allow another Judge Pro Tempore, Paula T. Kight, to assume the bench for the purpose of entering a decree. The record is otherwise silent as to the exact time either of the pro tempore judges occupied the bench on that day.

The only indication that the respondent judge, Michael T. Dugan, attempted any judicial action on that day was an entry setting the *Harwell v. Peacock* case for trial as a "5th choice" setting for May 13, 1986. A rubber stamp facsimile of Judge Dugan's signature was affixed to such order.

On September 11, 1985, relators filed a motion to dismiss, which was denied on September 19, 1985. On September 24 relators filed a motion to transfer the case to the Probate Division of the Marion Superior Court. This motion was denied on October 1, 1985. On October 2, 1985, relators filed for a change of judge.

Upon a denial of their motion for change of judge, relators filed this original action in which they pray the Supreme Court to issue a writ of mandamus and prohibition against the respondent court and the respondent judge ordering: that all matters relating to the denial of the relators' motion for change of judge be expunged from the records; that their motion for change of judge be ordered granted; and that the respondent judge be prohibited from taking any further action in the *Harwell* case.

Following a hearing on December 10, 1985, this Court denied relators' petition. We now reiterate that denial.

Relators take the position that, inasmuch as a pro tempore judge was on the bench on August 14, 1985, the regular judge, respondent herein, had no jurisdiction to function as judge of the court. Citing *State ex rel. Reed v. Marion Superior Court, Civil Division, No. III* (1982), Ind., 438 N.E.2d 260, relators are correct in the observation that the regular judge and a judge pro tempore cannot sit in the same

court at the same time. Respondents cite Ind.Code § 33–13–16–1, *et seq.*, (1985 Supp.), claiming it supports the proposition that a temporary judge may function at the same time the regular judge is functioning; therefore, the statute permits the conduct complained of in this case. However, the relators are correct in their observation that this statute does not apply to the instant situation.

▪ ■ Ind.Code § 33–13–16–7 (1985 Supp.) specifically alludes to a judge pro tempore in a different context than the temporary judge allowed by the statute. A temporary judge permitted by the statute is more in the nature of a referee functioning under the jurisdiction of the present and presiding judge, whereas a judge pro tempore is appointed to act in the stead of the regular judge and becomes a judge of that court for all purposes during the period he sits as judge pro tempore.

There is nothing in the record in the case at bar to indicate that the regular judge, respondent herein, and the judge pro tempore acted simultaneously. It is clear from the record that the judge pro tempore did recuse himself from the bench for a period of time to allow another judge pro tempore to assume the bench and act as judge of that court for a short period. The record also indicates that the judge pro tempore then reassumed the bench to continue to function in that court. The record merely recites that at some unspecified time during the same date the regular judge acted at least to the extent of setting a trial date in the *Harwell* case.

■■ In the absence of any showing to the contrary, we must presume the action of the respondent judge to have been correct. We therefore hold there is nothing in this record to indicate that the regular judge attempted to act simultaneously with a previously appointed judge pro tempore. We would point out that had this occurred, it would not be the regular judge who would be disqualified, rather it would be the purported judge pro tempore who would not have jurisdiction to function at a time when the regular judge was present.

*See State ex rel. Reed v. Marion Superior Court, supra.*

■ The relators also question the fact that the signature of the respondent judge on the entry setting the case for trial was a facsimile signature affixed to the document by a rubber stamp. They take the position that this is in violation to Ind.R.Tr.P. 77(E), which requires a trial judge to sign the entries made in the course of each day's business.

This Court has held that a rubber stamp signature is the equivalent of a signature made in pen and ink. *Zollner v. State* (1920), 189 Ind. 114, 126 N.E. 1. In a later case, citing *Zollner*, Judge Draper, speaking for the Court of Appeals in a case wherein the trial judge had affixed his signature by rubber stamp to a bill of exceptions, stated: "We will not assume the signature was affixed by an interloper. Indulging the usual presumption of regularity, this Court will presume the signature was attached by the judge with the intention of thus signing the bill, unless the record affirmatively shows the contrary." *Pursley v. Hisch* (1949), 119 Ind.App. 232, 235, 85 N.E.2d 270, 271. We see nothing in the record in the case at bar to indicate there was any irregularity in the entry in the instant case. In fact, the indications are that the respondent judge uses a rubber stamp to affix his signature on many of the legal documents in his court. This is an accepted practice.

■ Relators further argue that even assuming the trial setting was proper, the motion for change of venue is timely if filed on or before the tenth day after the issues are first closed on the merits, citing *State ex rel. Baber v. Hamilton Circuit Court* (1983), Ind., 454 N.E.2d 399. In that case, the trial judge had set the cause for trial on the day the complaint was filed. The defendant did not enter an appearance until twelve days after the filing; thus, this Court refused to enforce the ten day rule after the setting for trial without objection by the parties. In the case at bar the cause was filed on July 18, 1985. On Au-

gust 9 relators entered their appearance and filed for an enlargement of time to answer the complaint. It was not until August 14, 1985, that the matter was set for trial; therefore, we hold that Ind.R. Tr.P. 76(7) is applicable. It reads in pertinent parts as follows:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial."

The petition for a writ is denied.

All Justices concur.