Patricia E. FAIRFIELD, Appellant,

v.

Billy D. FAIRFIELD, The Honorable Ronald E. Drury, as Judge of the Boone Circuit Court, and Boone Circuit Court, Appellees.

No. 49S00-8808-CV-721.

Supreme Court of Indiana.

May 31, 1989.

Rehearing Denied Aug. 11, 1989.

Sherwood Blue, Indianapolis, for appellant.

Ronald L. Lehrman, Lebanon, for Billy D. Fairfield.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for The Honorable Ronald E. Drury and Boone Circuit Court.

GIVAN, Justice.

An action for dissolution of marriage from her husband Billy Fairfield was initiated by Patricia Fairfield in the Boone Circuit Court. A final hearing in the dissolution proceeding was commenced on May 17, 1985 and completed on May 24, 1985 before Judge Drury. A decree for the dissolution of marriage was entered on June 19, 1985.

Patricia filed an independent action for relief from judgment pursuant to Ind.R.Tr.Pr. 60(B). Judge Drury, the Boone Circuit Court and Billy were served with summons. Judge O'Neill of the Clinton Circuit Court was appointed as special judge. Counsel for Judge Drury and the Boone Circuit Court filed a motion to dismiss, which was granted. Patricia filed an amended complaint and a motion for change of venue, which was granted, and the cause was venued to the Marion Circuit Court. A motion to dismiss the amended complaint was filed. The trial court granted the dismissal with prejudice on April 14, 1988. She now argues that certain post-decree proceedings were presided over by a judge pro tempore, J. Jeffery Edens, and that all actions taken by the judge pro tempore are void because he was never appointed, was not legally qualified, and acted as a judge pro tempore while Judge Drury was present and presiding. Therefore, she concludes that a judge pro tempore had no jurisdiction over the proceedings and any actions taken by him are void.

■ A judge pro tempore is appointed to act during the absence of the regular judge and exercises all of the powers of the regular judge during that period. *State ex rel. Reed v. Marion Sup. Crt., Civil Division, Room No. 3, et al* (1982), Ind., 438 N.E.2d 260. However, in the case before us, the only statement in the record concerning the judge pro tempore are those made in appellant's amended motion for relief from judgment. We find nothing in this record demonstrates that Judge Drury was in fact acting as regular judge of the Boone Circuit Court at the time a pro tempore was serving on appellant's case.

In *State ex rel. Peacock v. Marion Superior Ct.* (1986), Ind., 490 N.E.2d 1094, this Court stated:

"In the absence of any showing to the contrary, we must presume the action of the respondent judge to have been correct. We therefore hold there is nothing in this record to indicate that the regular judge attempted to act simultaneously with a previously appointed judge pro tempore." *Id.* at 1096.

Appellant also attempts to raise several other questions which have this same infirmity. She argues that the dissolution decree is void and the trial court acted without jurisdiction because the pronouncement of the dissolution was oral and not written.

She argues the Boone Circuit Court erroneously ordered the dissolution to become effective retroactively. She contends her motion to strike Billy's motion to dismiss should have been granted because his 12(B)(6) motion was filed in an untimely manner. She also claims her motion to strike should have been granted because Billy's motion to dismiss was unaccompanied by a brief in support thereof.

All of these issues fail for the reason that the record is devoid of any entries which would support these allegations. *Id.*

■ Appellant alleges the trial court's judgment failed to address all of the issues in the case because no provision for her support was made between May 17 and June 19 of 1985. However, the record does show that both parties approved the form and substance of the decree and both parties signed the decree. There is nothing in this record to indicate that there was an unresolved issue at the time the decree was entered. The attempt to attack the decree at this time comes too late. *Brownsing v. Brownsing* (1987), Ind.App., 512 N.E.2d 878.

Appellant also makes a general allegation that the trial court failed to give attention to the equities alleged in her complaint, citing Ind.R.Tr.P. 60(B)(8).

A Rule 60 complaint for relief from a judgment is addressed to the equitable discretion of the trial court and its grant or

denial will be disturbed only when that discretion has been abused. Abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Matherly v. Matherly* (1983), Ind., 457 N.E.2d 220. We find nothing in this record to support the allegation that the judgment of the Boone Circuit Court was erroneous or that the judge thereof abused his discretion in rendering judgment.

The order of the Marion Circuit Court dismissing the cause with prejudice is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.