**Charles E. HARDER, Appellant (Claimant Below),**

v.

**ESTATE OF Charles Phillip RAFFERTY, Appellee (Estate Below).**

No. 67A04–8811–CV–368.

Court of Appeals of Indiana, Fourth District.

Aug. 16, 1989.

J.D. Calbert, Greencastle, for appellant.

Marc A. Hetzner, Thomas J. Costakis, Krieg DeVault Alexander & Capehart, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiff–Appellant Charles E. Harder (Harder) appeals from the trial court's grant of summary judgment in favor of the estate of Charles P. Rafferty (the estate).

We reverse.

The sole restated issue is:

whether the trial court denied Harder due process by not allowing him to present argument (a) by phone during the summary judgment hearing, or (b) in writing after receiving a transcript thereof.

After Rafferty died on December 25, 1987, his estate was opened in the Putnam Circuit Court. Anthony P. Valente, a Florida attorney representing Harder, filed a motion to appear *pro hac vice* which was granted. The trial court denied a claim

filed by Harder against the estate and docketed it for trial.

The estate then filed for summary judgment alleging Harder was not the personal representative.[1] On August 3, the trial court set that motion for hearing on August 30th. On August 15, Valente filed motions with the trial court to (a) appear at the hearing by telephone, and (b) amend Harder's claim to allege Harder was the personal representative rather than the sole heir of the estate. In support of the latter motion, Harder filed an order issued by the Circuit Court of Pinellas County, Florida, appointing Harder personal representative of the estate.

After the Putnam Circuit Court granted both of Harder's motions, the estate filed written objections thereto, and Harder received copies thereof on August 25th. On that same day, the trial court sustained the estate's objections, and vacated its earlier order authorizing Valente to appear at the hearing by telephone and to amend the claim.

On August 30th, the day of the hearing, Valente called the trial court from Florida expecting to participate by conference call. The trial court informed Valente it had vacated its earlier orders, telling him it was not technically equipped for conference calls. The trial court then gave Valente permission to file a written response in lieu of participating by telephone, telling Valente the court reporter would send him a transcript of the summary judgment hearing once Valente tendered payment for the document. The day after the hearing Valente received by mail the trial court's order vacating its earlier orders. Valente mailed his payment for the transcript. On the day Valente received the transcript he also received notice the trial court had entered summary judgment against Harder.

Harder appeals.

Harder contends he was denied due process of law because he did not have an opportunity to be heard by the trial court.

He argues the trial court erred by not allowing him to participate in a conference call during the summary judgment hearing, or to respond in writing to the estate's arguments made during the hearing on the estate's motion for summary judgment.

The estate maintains Ind.Rules of Procedure, Trial Rule 56(C) does not require the trial court to hear either written or oral argument at the summary judgment hearing, T.R. 56(C)'s only requirement is to give notice thereof ten days before the time fixed for hearing, the estate argues, and that was done. Thus, Harder had his opportunity to be heard, and had ample time to utilize Indiana's various discovery tools to demonstrate to the court there were genuine issues of material fact requiring a trial on the merits, the estate earnestly contends.

Ind.Rules of Procedure, T.R. 56(C) requires a hearing preceded by at least ten days advance notice. See e.g. *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660, 661–662. That interval gives the nonmovant adequate opportunity to prepare materials for presentation to the trial court supporting nonmovant's allegation there is a material issue of fact. *See also Mathys v. City of Berne, Inc.* (1986), Ind.App., 501 N.E.2d 1142 (the trial court improperly granted summary judgment against nonmovant five days after movant's summary judgment motion had been filed); *Anderson v. State* (1984), Ind.App., 468 N.E.2d 569, 570–571 (the trial court erred because Ind.Rules of Procedure, T.R. 56(C) requires a hearing on a summary judgment motion).

While it is true the trial court fixed a date for hearing on the motion for summary judgment allowing substantially more than the required 10 days preparation time, it is plain on this record Harder's claim he was denied due process is well taken. The trial court, having determined to hear argument, exercised its discretion under T.R. 73,[2] and initially granted counsel Valente's

---

1. That issue was not raised by Harder on appeal. The sole issue presented here is whether Harder was denied due process because he was not given the opportunity to present legal argu-

ment to the trial court. We decide only the issue before us.

2. Ind. Rules of Procedure, T.R. 73 states in pertinent part:

request to argue the cause by telephone conference call rather than requiring him to make the trip to court from Florida for such purposes. Although a gracious gesture on the trial court's part designed to accomodate out of state counsel, once issued, all parties and the court itself were bound thereby until Harder had notice of its rescission and a reasonable opportunity to make argument in person at the hearing. The trial court's offer to permit Valente to argue in writing after receiving the hearing's transcript would have corrected the prior error, had Valente actually been given that opportunity. However, that alternative, too, was denied him. The trial court ruled adversely to Harder on the very day the transcript of the hearing was received. Without question, Harder was denied an opportunity to argue his case to the court, albeit the trial court was attempting to accommodate the out-of-state counsel he had admitted previously *pro hac vice*, a matter addressed to its sound discretion.[3] Clearly under the circumstances, Harder was denied due process because he was denied the opportunity to argue his case to the trial court after it had determined it would hear argument.

Reversed and remanded with instructions to set aside the summary judgment and for further proceedings consistent with this opinion.

MILLER and HOFFMAN, JJ., concur.

To expedite its business the court may direct the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition, or direct or permit hearings by telephone conference call with all attorneys or other similar means of communication.

3. This case demonstrates the wisdom of retaining local counsel in such situations.