Eddie **CHANDLER, and Open Door Church Of God Refuge In Christ and all other occupants of the residence at 7900 Ash Avenue, Gary, Indiana, Appellants–Defendants,**

v.

**Dorothy DILLON, as Personal Representative for the ESTATE OF Mary BENNETT, Appellee–Plaintiff.**

No. 45A05–0009–CV–401.

Court of Appeals of Indiana.

Aug. 31, 2001.

Dock McDowell, Jr., The McDowell Law Firm, Merrillville, IN, Attorney for Appellants.

Calvin D. Hawkins, Gary, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Eddie Chandler and the Open Door Church of God Refuge in Christ (collectively "the Church") appeal the grant of summary judgment in favor of Dorothy Dillon as personal representative of the estate of Mary Bennett ("the Estate"). The Church raises three issues on appeal, which we consolidate[1] and restate as

---

1. Because we remand, we do not address the Church's assertion that the court erred by finding there were no genuine issues of material fact.

whether the trial court properly granted summary judgment after rescinding its order granting the Church additional time to respond to the Estate's summary judgment motion and after giving the Church only one day's notice of the summary judgment hearing.

We remand.

## FACTS AND PROCEDURAL HISTORY

In May of 1998, the Estate [2] brought this action against the Church, and on March 31, 2000, the Estate moved for summary judgment. The Church sought an enlargement of time to respond to the motion, and the trial court granted the enlargement of time on May 4, 2000. The May 4th order granted the Church until and including May 15, 2000, to respond to the Estate's summary judgment motion.

On May 17, 2000, the trial court, *sua sponte*, set aside its May 4th order [3] as "inconsistent" with some other prior orders, noting that the May 4th order bore "a stamped signature of the presiding judge and [was] obtained without a hearing" and that the other prior orders "bear the presiding judge's actual signature and were based on hearings with the parties and/or parties' counsel." (R. at 557.) The May 17th order also provided that any pleadings related to the May 4th order were stricken from the record. The Church had submitted a number of pleadings between May 15 and 17, 2000, including a motion to strike and/or for more definite statement and memorandum in support; a motion for enlargement of time to respond to the summary judgment motion; a designation of matters for consideration in opposition to the Estate's summary judg-

ment motion; a memorandum of law in opposition to the summary judgment motion; and a supplemental designation of materials in opposition to the motion. Only the motion to strike and/or for more definite statement and the memorandum in support, and the motion for enlargement of time appear to have been filed within the enlargement period granted in the May 4th order.

The trial court, again *sua sponte*, then set the Estate's summary judgment motion for a hearing on August 18, 2000. The court's notice to the Church was stamped August 14, 2000. The envelope in which it was sent to the church was postmarked August 16, 2000. It was received by counsel for the Church on August 17, 2000, and was read by counsel on the morning of the 18th.

Counsel for the Church did not appear at the hearing, as he had other matters scheduled in other courts that day. Counsel contacted the trial court bailiff by telephone to request a delay or postponement of the hearing, but he was told the hearing was already in progress and would not be postponed. On August 18, 2000, the day of the hearing, the trial court issued an order granting the Estate's motion for summary judgment.

## DISCUSSION AND DECISION

We generally review interlocutory orders under an abuse of discretion standard. *Hollingsworth v. Key Ben. Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct. App.1995). An abuse of discretion may occur if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if

---

2. At the time this action was initiated, Mary Bennett was still alive. Dorothy Dillon brought the action as her attorney-in-fact.

3. The court also set aside two other prior orders relating to the case management timetable it had established on November 9, 1999; neither of those orders is pertinent to the issues the Church raises on appeal.

the trial court has misinterpreted the law." *Id.*, quoting *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993). While we need not review on this interlocutory appeal the merits of the court's summary judgment, we note that we will carefully assess a trial court's summary judgment to ensure that the non-moving party was not improperly denied its day in court. *Elliott v. Sterling Mgmt. Ltd., Inc.*, 744 N.E.2d 560, 563 (Ind.Ct. App.2001).

■ The trial court abused its discretion and improperly denied the Church its day in court when it set aside its May 4th order allowing the Church until May 15, 2000, to respond to the Estate's summary judgment motion, ordered stricken those of the Church's pleadings that were timely filed[4] pursuant to the May 4th order, and provided the Church only one day's notice of the summary judgment hearing.

We note initially that the rationale the trial court offered for its order setting aside the May 4th order does not support its action. The court indicated the order of May 4th was "inconsistent with those of November 9, 1999, April 20 and 27, 2000," but it did not identify the asserted inconsistencies. (Appellant's App. at 284.) We believe the prior orders the court referred to cannot be characterized as inconsistent with the May 4th order granting the Church an enlargement of time to respond to the estate's summary judgment motion.

The court's November 9, 1999, order provided that a final pretrial conference would be held on April 20, 2000, and it set the cause for a bench trial on May 22, 2000. The April 20, 2000, order continued the trial to September 13 and 14, 2000, and provided that the pending summary judgment motion and all other pretrial matters would be dealt with at a final pretrial conference on May 22, 2000. The April 20, 2000, order otherwise reaffirmed the November 9, 1999, order. The April 27, 2000, order continued until May 23, 2000, the hearing on the summary judgment and other pretrial matters that had been scheduled for May 22, 2000.

■ Trial courts have broad authority to order enlargements of time generally, Ind. Trial Rule 6(B), and in summary judgment proceedings in particular, T.R. 56(I). Accordingly, we decline to hold that the grant of an enlargement of time such as that in the May 4th order can, without more, be "inconsistent" with prior orders establishing a case management schedule. Such a holding would unduly impair the trial court's broad authority to issue such orders, which are explicitly contemplated and authorized by the trial rules.

The court further indicated the May 4th order was rescinded because it bore "a stamped signature of the presiding judge and [was] obtained without a hearing" while the prior orders "bear the presiding judge's actual signature and were based on hearings with the parties and/or parties' counsel." (Appellant's App. at 284.)

■ A rubber stamp signature is the equivalent of a signature made in pen and ink. *State ex rel. Peacock v. Marion Superior Court, Civil Div., Room No. 5*, 490 N.E.2d 1094, 1096 (Ind.1986). "We will not assume the signature was affixed by an interloper. Indulging the usual presumption of regularity, this Court will presume the signature was attached by the judge with the intention of thus signing the bill, unless the record affirmatively shows the contrary." *Id.*, quoting *Pursley v. Hisch*, 119 Ind.App. 232, 235, 85 N.E.2d 270, 271

---

4. The Church notes that the Estate did not object to the Church's pleadings in response to the summary judgment motion, but it does not argue that the trial court abused its discretion to the extent it struck those pleadings filed after May 15, 2000.

(1949). Nothing in the record before us suggests there was any irregularity in the entry of the May 4 order, and the Estate does not so argue. Accordingly, the fact that the signature on that order was stamped does not provide a basis for the trial court's rescission of the order.

Nor does the fact the May 4th order was obtained without a hearing provide a basis for its rescission. Nothing in T.R. 6(B) or 56(I) requires a hearing before an enlargement of time may be granted. Rather, T.R. 6(B) explicitly provides that an enlargement of time may be granted without motion or notice.

The court's rescission of its May 4th order left the Church without adequate notice of the rescheduled summary judgment hearing. The order rescinding the May 4th order was issued on August 10, 2000, and mailed to the Church's counsel on August 16, 2000. Counsel states in his affidavit that his secretary opened the mail containing the order at about 8:30 on the morning of August 18th at counsel's Merrillville office. Counsel was scheduled to be at the federal court in Hammond at 9:30 that morning and his hearing there lasted until about 1:20 p.m.

The Estate concedes counsel "had a limited window of time to assert his rights to due process," (Br. of Appellee at 12) but notes "[t]he trial court is open every day at 8:30 a.m. Appellant's counsel certainly had opportunity to seek redress from his scheduling conflict long before the actual hearing had begun." *Id.* The Estate asserts, without argument or citation to authority, that while the counsel's time to act was limited, "it seems feasible to expect him to do so within the window of opportunity that existed, small though it may be." *Id.* at 12–13.

■ We disagree. A party is denied due process when he is denied the opportunity to argue his case to the trial court after that court has determined it would hear argument. *Harder v. Estate of Rafferty,* 542 N.E.2d 232, 234 (Ind.Ct.App. 1989). There, Harder was represented by an out-of-state attorney whose motion to appear *pro hac vice* had been granted. The attorney moved to appear at the Estate's summary judgment hearing by telephone, and the motion was granted. After the Estate objected, the trial court vacated its order allowing the attorney to appear by telephone. When the attorney called the court on the day of the hearing, he was told the court had vacated its order. The court told the attorney he would be sent a transcript of the summary judgment hearing when he tendered payment for it, and it gave the attorney permission to file a written response. The following day, the attorney received the court's order vacating its earlier order, and he mailed payment for the transcript. On the day he received the transcript, he also received notice the court had entered summary judgment against his client.

■ We determined in *Harder* that after the trial court's "gracious gesture" to accommodate out of state counsel, *id.* at 234, "all parties and the court itself were bound thereby until Harder had notice of its rescission and a reasonable opportunity to make argument in person at the hearing." *Id.* Harder was therefore denied due process. Similarly, in the case before us, the Church was denied adequate notice of the trial court's rescission of its prior order and a reasonable opportunity to make its argument, when the Church's counsel was effectively left with less than one hour to attempt to reschedule the summary judgment hearing before the trial court and to reschedule his obligations the same day in federal court. The trial court therefore abused its discretion when it rescinded the enlargement of time and struck certain of the Church's pleadings.

Accordingly, we vacate the trial court's order of May 17, 2000, to the extent it rescinded the court's prior grant of an enlargement of time for the Church to respond to the Estate's summary judgment motion and struck those of the Church's pleadings that would have been timely had the enlargement of time not been rescinded. We remand with instructions that the trial court set aside the summary judgment and for further proceedings consistent with this opinion.

SHARPNACK, C.J., and KIRSCH, J., concur.