**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 09 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY T. ROSENBARGER**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**KAREN HUELSKAMP**
Huelskamp & Huelskamp
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RALPH JENNINGS d/b/a A Cut Above Tree Service, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1203-CC-117 |
| | ) | |
| TERRANCE KINNARD, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick McCarty, Judge
The Honorable Burnett Caudill, Magistrate
Cause No. 49D03-0812-CC-57787

**October 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Ralph Jennings, d/b/a A Cut Above Tree Services, appeals the trial court's grant of Terrance Kinnard's motion for relief from judgment. We reverse and remand.

## Issue

Jennings raises one issue, which we restate as whether the trial court properly granted Kinnard's motion for relief from judgment.

## Facts

In June 2008, Kinnard, who is an attorney, hired Jennings to remove trees at an agreed cost of $2,800. Jennings performed the work, but Kinnard paid him only $1,000. In July, 2008, Jennings filed a complaint against Kinnard in the Marion County Small Claims Court and filed a mechanic's lien on the property. At Kinnard's request, the case was repled in the Marion Superior Court in January 2009. Jennings alleged that Kinnard owed him $1,800 plus attorney fees and other damages. Kinnard, representing himself, filed an answer and counterclaim. Kinnard admitted that Jennings had "performed all the conditions of the contract on [Jennings'] part to be performed" and that he had "only made partial payment of $1000.00 . . . ." Appellant's App. at 9. In the counterclaim, Kinnard alleged that Jennings had violated the Fair Debt Collection Practices Act and had "knowing[ly] caused a cloud to be placed on the land title for the property . . . ." Id. at 19.

In July 2009, Jennings filed a motion for judgment on the pleadings. Jennings alleged that Kinnard had admitted owing $1,800 under the contract, that Kinnard's Fair Debt Collections Practices Act claim fails because Jennings is not a debt collector subject

2

to the Act, and that Kinnard's "clouding of title" claim "fail[ed] to elucidate a legal theory upon which relief can be granted." Id. at 35. Kinnard did not appear for the August 14, 2009 hearing on Jennings's motion for judgment on the pleadings. At the hearing, Jennings's counsel stated:

> He [Kinnard] called the court office this morning. I called his office today and I spoke to his secretary and he said that he would be doing depositions in Hamilton County and would not be here today. The secretary also told me that Mr. Kinnard is planning on filing bankruptcy, so I guess he isn't concerned about what happens with this case.

Aug. 14, 2009 Tr. p. 2. On the same day, the trial court granted Jennings's motion for judgment on the pleadings and ordered Kinnard to pay $4,189.22, which included $1,800 still owed on the contract and $2,389.22 in attorney fees. Kinnard's bankruptcy attorney requested a copy of the judgment from Jennings's attorney, and Jennings's attorney faxed it to him on August 20, 2009.

Jennings then filed a motion for proceedings supplemental, and the trial court scheduled the matter for a November 3, 2009 hearing. The motion was served on Kinnard by personal service, but he did not appear at the hearing. Kinnard filed for Chapter 13 bankruptcy protection on November 25, 2009, and included the judgment to Jennings in his filing. Kinnard's bankruptcy case was dismissed on December 20, 2010. Jennings then resumed his attempts to collect the judgment from Kinnard.

On September 13, 2011, Kinnard filed a "verified petition to vacate default judgment." Appellant's App. p. 91. Kinnard requested relief from the judgment under Indiana Trial Rule 60(B). Kinnard denied having notice of the August 14, 2009 hearing

3

and alleged that he was "actively engaged in pursuing" a bankruptcy filing beginning in July 2009, that he was unaware of the judgment until December 2009, and that his motion was filed within a reasonable amount of time. Id. at 91. Kinnard also alleged that he had a meritorious defense because he was not indebted to Jennings in the amount alleged in the complaint, he did not breach any term of the written agreement, and Jennings was not entitled to attorney fees. Jennings objected to Kinnard's motion. After a hearing on the motion, the trial court granted Kinnard's motion under Indiana Trial Rule 60(B). Jennings then filed a motion to correct error, which the trial court denied. Jennings now appeals.

### Analysis

The issue is whether the trial court properly granted Kinnard's motion for relief from judgment. The trial court granted Kinnard relief under Indiana Trial Rule 60(B), which provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect; [or]
>
> \* \* \* \* \*
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The Rule provides that a motion under subsection (1) must be filed "not more than one year after the judgment, order or proceeding was entered or taken," and a motion under

4

subsection (8) "shall be filed within a reasonable time."  Ind. Trial Rule 60(B).  A movant filing a motion for reasons (1) or (8) must also allege a meritorious claim or defense.  Id.

The burden is on the movant to establish grounds for Rule 60(B) relief.  In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind. 2010).  "A motion made under subdivision (B) of Trial Rule 60 is addressed to the 'equitable discretion' of the trial court; the grant or denial of the Trial Rule 60(B) motion will be disturbed only when that discretion has been abused.'"  Id. at 740-41 (quoting Fairfield v. Fairfield, 538 N.E.2d 948, 949-50 (Ind. 1989)).  An abuse of discretion will be found only when the trial court's action is against the logic and effect of the facts before it and the inferences that may be drawn therefrom.  Id. at 741.

We begin by addressing Kinnard's argument that we should dismiss this appeal because no final order exists and this order was not certified for interlocutory appeal. Relying on Indiana Appellate Rules 5 and 14, Kinnard contends that Jennings was required to have the order granting relief under Rule 60(B) certified for interlocutory appeal in order to institute this appeal.  However, Indiana Trial Rule 60(C) provides:  "A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment."[1]  Consequently, Kinnard's argument is incorrect, and we will address Jennings's appeal.

---

[1] In Allstate Ins. Co. v. Fields, 842 N.E.2d 804, 806 (Ind. 2006), our supreme court held "no appeal may be taken under Trial Rule 60(C) from the denial of a motion for relief from an interlocutory order granting default judgment on less than all issues."  Kinnard makes no argument that the trial court resolved less than all the issues, and, in fact, the trial court addressed both Jennings's claims and Kinnard's counterclaims.

Jennings argues that it is unclear whether Kinnard's motion for relief from judgment was based on Rule 60(B)(1) or 60(B)(8). Jennings argues that Kinnard did not meet the requirements for either subsection because Kinnard did not meet the time requirements, he was notified of the proceedings and the judgment, and he failed to present a meritorious defense.

We first address Jennings's arguments regarding Rule 60(B)(1). A motion under Rule 60(B)(1) must be filed "not more than one year after the judgment, order or proceeding was entered or taken." T.R. 60(B). We agree that Kinnard did not meet this time limitation. The judgment was issued on August 14, 2009, and Kinnard filed his motion under Rule 60(B) more than two years later on September 13, 2011. Even if the time of Kinnard's bankruptcy is excluded (November 25, 2009 through December 20, 2010), Kinnard still failed to file his motion within one year of the judgment. Consequently, Kinnard's motion was untimely under Rule 60(B)(1).

On appeal, Kinnard argues that his motion was based on Rule 60(B)(8). Rule 60(B)(8) allows relief for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." The motion must be filed within a "reasonable time" after the judgment is entered. T.R. 60(B). A party seeking relief from judgment under subsection (8) must affirmatively demonstrate "extraordinary circumstances." G.H. Skala Const. Co. v. NPW, Inc., 704 N.E.2d 1044, 1047 (Ind. Ct. App. 1998), trans. denied. Exceptional circumstances do not include mistake, surprise, or excusable neglect. Brimhall v. Brewster, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007).

6

Kinnard argues that he did not have notice of the August 14, 2009 hearing, that he was unaware of the judgment until December 2009, and that he started pursuing bankruptcy in June 2009. Kinnard also testified that his secretary signed his name on the summons delivered in November 2009 regarding the proceeding supplemental. The record demonstrates, however, that Kinnard was fully aware of the proceedings. In fact, the small claims court action was transferred to superior court at his request, he filed a motion for extension to time to answer the complaint, and he filed an answer and counterclaim. Although he may have started collecting his documents and information for his bankruptcy filing in June 2009, he did not file his bankruptcy petition until November 25, 2009, and the November 2009 bankruptcy petition does not excuse his failure to appear at the August 2009 hearing or the November 3, 2009 proceeding supplemental.

At the August 2009 hearing, Jennings's counsel stated:

> He [Kinnard] called the court office this morning. I called his office today and I spoke to his secretary and he said that he would be doing depositions in Hamilton County and would not be here today. The secretary also told me that Mr. Kinnard is planning on filing bankruptcy, so I guess he isn't concerned about what happens with this case.

Aug. 14, 2009 Tr. p. 2. Kinnard argues that "these assertions at best demonstrate that Kinnard was made aware of the August 14, 2009 hearing the morning of said hearing." Appellee's Br. p. 9. Even if we assume that Kinnard was initially unaware of the hearing, the evidence shows that he was soon thereafter made aware of the judgment but failed to act. Kinnard's bankruptcy counsel contacted Jennings's counsel in August 2009

regarding the judgment, and Jennings's counsel sent him a copy of the judgment. In fact, Kinnard included the judgment in the bankruptcy petition. Kinnard also admitted that his secretary signed the summons issued to him regarding the November 2009 proceeding supplemental. Despite his knowledge of the judgment, Kinnard failed to act until September 13, 2011, almost nine months after the dismissal of his bankruptcy action.

Under these circumstances, Kinnard has failed to demonstrate extraordinary circumstances as required by Rule 60(B)(8). At best, Kinnard established excusable neglect, but he failed to meet the time limitations of Rule 60(B)(1). Kinnard cannot now circumvent the time limitations of Rule 60(B)(1) by attempting to rely on Rule 60(B)(8). Kinnard also failed to file his motion within a "reasonable time," by waiting until September 2011 to challenge the judgment. T.R. 60(B). As a result, we conclude that the trial court's grant of relief from the judgment was an abuse of discretion.[2] See Summit Account & Computer Serv. v. Hogge, 608 N.E.2d 1003, 1006 (Ind. Ct. App. 1993) (holding that the trial court's grant of relief from the judgment was an abuse of its discretion because the defendant failed to demonstrate extraordinary circumstances under Rule 60(B)(8)).

**Conclusion**

We conclude that the trial court abused its discretion when it granted Kinnard's motion for relief from the judgment. We reverse and remand for proceedings consistent with this opinion.

---

[2] Because we conclude that Kinnard did not establish extraordinary circumstances under Rule 60(B)(8) and failed to file his motion within a reasonable time, we need not address the parties' arguments regarding whether Kinnard had a meritorious defense.

8

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.