## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 13 2018, 10:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Elson Ford, Jr.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Liberty L. Roberts
Church Church Hittle & Antrim
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elson Ford, Jr.,

*Appellant-Plaintiff,*

v.

The Oaks Academy and
Elizabeth Hamilton,

*Appellees-Defendants.*

June 13, 2018

Court of Appeals Case No.
49A04-1711-CT-2538

Appeal from the Marion Superior
Court

The Honorable John F. Hanley,
Judge

Trial Court Cause No.
49D11-1702-CT-5870

**Najam, Judge.**

## Statement of the Case

[1] Elson Ford, Jr. appeals the trial court's dismissal of his complaint against The Oaks Academy and Elizabeth Hamilton (collectively "The Oaks Academy").

Ford raises two issues for our review, one of which we find dispositive, namely, whether the trial court violated his right to due process when it granted the motion to dismiss following a hearing without having given Ford notice of the hearing.

We reverse and remand for further proceedings.

## Facts and Procedural History

Ford and Simonna Woodson have one child together, J.F., and share joint legal custody. They decided to enroll J.F. in school at The Oaks Academy. On March 21, 2014, Woodson signed an enrollment contract for the 2014/2015 academic school year.[1] Ford regularly took J.F. to school in the morning and participated in school activities with J.F.

Sometime in February 2016, Woodson filed for an order for protection against Ford. On February 9, Elizabeth Hamilton, the Administrator at The Oaks Academy, informed Ford that he would not be allowed to participate in school field trips with J.F. or pick J.F. up from school at the end of the day. On August 19, Ford attempted to pick up J.F. from school but was told that he could not take J.F. home without Woodson's consent. After a phone call to

---

[1] Neither Ford nor Woodson signed an enrollment contract for subsequent academic years. However, the record demonstrates that J.F. continued to attend The Oaks Academy and that Ford continued to pay tuition.

Woodson, Woodson directed the school to allow Ford to take J.F. home going forward.

[5] On August 2, 2017, Ford, pro se, filed an amended complaint in which he alleged that The Oaks Academy had breached the terms of the enrollment contract when it prohibited Ford from picking J.F. up from school and from participating in J.F.'s school events and that he had sustained damages as a result of that breach of contract. Ford included a copy of the 2014/2015 enrollment contract signed by Woodson with his amended complaint.

[6] On August 21, The Oaks Academy filed a motion to dismiss Ford's complaint pursuant to Indiana Trial Rule 12(B)(6). In its motion to dismiss, The Oaks Academy alleged that Ford has not stated a claim for relief because Ford is not a party to the 2014/2015 enrollment contract and also because the contract does not create any obligations regarding student pick-up or a parent's participation in school events.

[7] The Oaks Academy requested a hearing on the motion to dismiss. Accordingly, the trial court set the matter for a hearing. In the order setting the hearing, the trial court directed the court clerk to send copies to all registered counsel and to Ford. However, the CCS states that notice of the hearing was provided only to counsel for The Oaks Academy and not to Ford.

[8] On September 5, Ford filed his response to the motion to dismiss. Along with his response, Ford included a copy of a preliminary order establishing paternity, a copy of a document signed by Ford that explains the balance of tuition due for

the 2016/2017 academic year, and a copy of a document that lists tuition payments made from August 1, 2014, through February 1, 2015.

[9] The trial court held a hearing on the motion to dismiss on September 18, 2017. Ford did not appear at that hearing and The Oaks Academy presented their argument on the motion to dismiss. At the conclusion of the hearing, the trial court took the matter under advisement.

[10] On October 10, Ford filed a motion to reopen the hearing on the motion to dismiss because he had not received notice of the hearing. On October 12, the trial court granted The Oaks Academy's motion to dismiss and denied Ford's motion to reopen the hearing. This appeal ensued.

## Discussion and Decision

[11] Ford contends that the trial court violated his right to due process under the Fourteenth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution. Specifically, Ford contends that he did not receive notice of the hearing on the motion to dismiss and, as such, the trial court violated his right to due process and the order dismissing his complaint is void.

[12] As this court has previously held:

> It is generally acknowledged that procedural due process includes notice and an opportunity to be heard. *Harper v. Boyce*, 809 N.E.2d 344, 350 (Ind. Ct. App. 2004). A party is denied due process when he is denied the opportunity to argue his case to the trial court after that court has determined it would hear

argument. *Chandler v. Dillon ex rel. Estate of Bennett*, 754 N.E.2d 1002, 1006 (Ind. Ct. App. 2001). This is particularly true for service of process and other such notice of initial pleadings, but it is also true of proceedings within a lawsuit. *Abrahamson Chrysler Plymouth, Inc. v. Insurance Company of North America*, 453 N.E.2d 317, 321 (Ind. Ct. App. 1983).

*Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 948 (Ind. Ct. App. 2016).

[13]  Here, The Oaks Academy filed a motion to dismiss, which is a proceeding within the lawsuit. As such, procedural due process required notice to Ford of the hearing on the motion and an opportunity to be heard. And The Oaks Academy does not dispute that Ford did not receive notice of the hearing. Indeed, our review of the CCS indicates that only counsel for The Oaks Academy was served notice of the hearing. While the trial court's order setting the hearing on the motion to dismiss directs the court clerk to send copies to Ford, the CCS includes only two entries, which show that notice was sent to the two attorneys for The Oaks Academy. But there is no corresponding CCS entry to indicate that notice was issued to Ford.

[14]  Nonetheless, The Oaks Academy contends that "the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection; that is if one's life, liberty, or property interest is at stake." Appellee's Br. at 9. The Oaks Academy further contends that Ford was not entitled to the protections of procedural due process because "the issues at stake do not implicate Mr. Ford's life or liberty interest" and because "Mr. Ford has not identified any state statute, ordinance, or

contract that provided him with a property right" to pick J.F. up from school. *Id*. However, The Oaks Academy has not presented a cogent argument that the trial court's dismissal of Ford's complaint in which he alleged money damages does not deprive Ford of his property interests. We hold that the requirements of procedural due process apply and that Ford was entitled to notice of the hearing.

Because Ford was entitled to notice of the hearing on the motion to dismiss, and because Ford did not receive any such notice, the trial court violated Ford's right to due process when it dismissed his complaint following the hearing. We reverse the trial court's grant of The Oaks Academy's motion to dismiss and we remand for further proceedings.

Reversed and remanded for further proceedings.

Robb, J., and Altice, J., concur.